■ DAVID L. GITTLITZ et al., Appellants, v. ROBERT S. LEWIS, Respondent. — Motion by respondent to dismiss appeal denied, on condition that appellants perfect the appeal and be ready to argue or submit it at the October Term, beginning October 2, 1961; appeal ordered on the calendar for said term. The service of the motion papers was timely (Rules Civ. Prac., rule 234). The record and appellants' brief must be served and filed on or before September 1, 1961. Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.

■ FLORIAN GONZALEZ, Respondent, v. JOE KENLER et al., Appellants.— Motion by respondent to dismiss appeal denied, on condition that appellants perfect the appeal and be ready to argue or submit it at the October Term, beginning October 2, 1961; appeal ordered on the calendar for said term. The record and appellants' brief must be served and filed on or before August 1, 1961. Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.

■ GEORGE J. GOTTLIEB et al., Respondents, v. SEYMOUR KEMPNER et al., Appellants.— Motion by respondents to dismiss appeal, denied without prejudice to renewal after disposition of the pending application in the Supreme Court to vacate the dismissal of the action and to restore it to the calendar. Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.

■ In the Matter of SARAH LEVINE, Respondent, v. MAX SIMON, Appellant, et al., Judgment Debtors.— Motion by appellant to stay the order appealed from, pending appeal; and for other relief, denied. Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.

■ In the Matter of ALBERT SCHWEITZER, Appellant, v. ROBERT E. HERMAN, as State Rent Administrator, Respondent.— Motion by appellant to dispense with printing denied, with leave to renew on proper papers showing appellant's poverty and the merits of the appeal. Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.

■ In the Matter of TOWN OF RAMAPO et al., Petitioners, v. JOHN P. DONOHOE, as Justice of the Supreme Court, et al., Respondents.— In a proceeding under article 78 of the Civil Practice Act, to compel the Town Clerk and the Town Supervisor of the Town of Ramapo to file a certificate of election, the petitioner in that proceeding moved to stay an action on a bond brought by the town against a named corporation, and to stay a condemnation proceeding brought by the town and the Spring Knoll Sewer District. Without waiting for the Justice before whom the application for the stay was pending to decide the motion, the town and the sewer district brought on this application under article 78 for a writ to prohibit the Justice from granting the stay. Application for writ of prohibition dismissed, without costs and without prejudice to renewal if respondent makes an order granting the stay and if respondent denies leave to appeal therefrom. It may not be assumed that the Justice will grant the application for the stay. If the stay shall be granted, it may not be assumed that the Justice will deny the permission to appeal, required by section 1304 of the Civil Practice Act, in order to prosecute promptly an appeal from the intermediate order granting the stay. Therefore, we may not presently say either that the Justice is about to or will act in excess of jurisdiction, or that if he shall grant the stay there will be no adequate remedy by way of appeal. Cross motion by respondent Donohoe to dismiss application for writ of prohibition granted, without costs. Cross motion by respondent Unger to dismiss application for writ of prohibition granted, without costs. Nolan, P. J., Beldock, Kleinfeld, Christ and Pette, JJ., concur.